PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases has submitted proposed amendments to the standard jury instructions and asks that the Court authorize the amended standard instructions for publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.
On October 3, 2007, the Committee on Standard Jury Instructions in Criminal Cases (Committee) filed Report No. 2007-08, proposing amendments to existing criminal jury instructions 3.3(d) (Aggravation of a Felony by Possession of a Firearm or Destructive Device) and 3.5(c) (Accessory After the Fact). The Committee also proposed a number of new instructions: new instruction 16.7 (Use of a Child in a Sexual Performance); new instruction 16.8 (Use of a Child in a Sexual Performance with Consent of Parent, Legal Guardian, or Custodian); new instruction 16.9 (Promoting a Sexual Performance by a Child); new instruction 16.10 (Possession of Material Including Sexual Conduct by a Child with Intent to Promote); new instruction 16.11 (Possession of Material Including Sexual Conduct by a Child); new instruction 18.3 (False Information to Law Enforcement); and new instruction 21.7 (Giving False Name or Identification to Law Enforcement Officer Adversely Affecting Another). Prior to submission to the Court, all of the proposed amended and new instructions were published for comment by the Committee in The Florida Bar News on June 15, 2007. Several comments were received and reviewed by the Committee. Upon consideration of the Committee’s report and proposals, we authorize the amended and new instructions for publication and use as discussed below.
Instructions 3.3(d) and 3.5(c) are revised and updated to conform to current statuto *490 ry provisions and developments in case law since their original authorization. The title of instruction 3.3(d) is also amended. New instructions 16.7 through 16.11 are based upon section 827.071, Florida Statutes (2007), and instruct upon crimes relating to sexual performance by a child: (1) use of a child in a sexual performance; (2) promoting a sexual performance by a child; (3) possession of material including sexual conduct by a child with intent to promote; and (4) possession of material including sexual conduct by a child. See § 827.071(2)-(5), Fla. Stat. (2007). New instructions 18.3 and 21.7 are based upon sections 837.055 and 901.36(2), Florida Statutes (2007), respectively, and instruct upon the crimes of giving false information to a law enforcement officer who is conducting a felony or missing person investigation and giving false information to a law enforcement officer that adversely affects another.
We hereby authorize the publication and use of amended instructions 3.3(d) (Possession of a [Firearm] [Destructive Device] [and Discharge] [Causing [Great Bodily Harm] [Death]]) and 3.5(c) (Accessory After the Fact) and new instructions 16.7 (Use of a Child in a Sexual Performance), 16.8 (Use of a Child in a Sexual Performance with Consent of Parent, Legal Guardian, or Custodian), 16.9 (Promoting a Sexual Performance by a Child), 16.10 (Possession of Material Including Sexual Conduct by a Child with Intent to Promote), 16.11 (Possession of Material Including Sexual Conduct by a Child), 18.3 (False Information to Law Enforcement), and 21.7 (Giving False Name or Identification to Law Enforcement Officer Adversely Affecting Another), as set forth in the appendix to this opinion. In doing so, we express no opinion on the correctness of those instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining, and deleted language is struck through. The instructions as set forth in the appendix[1] shall be effective on the date that this opinion becomes final.
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
CANADY and POLSTON, JJ., did not participate.
APPENDIX
3.3(d) AGGRAVATION OF A FELONY BY POSSESSION OF A [FIREARM] OB [DESTRUCTIVE DEVICE] [AND DISCHARGE] [CAUSING [GREAT BODILY HARM] [DEATH]]
§ 775.087(2), Fla. Stat.

Give if applicable.

If you find that (defendant) committed (felony identified in § 775.087(2)(a)3, Fla. *491 Stat.) and you also find beyond a reasonable doubt that during the commission of the crime, [he] [she] discharged a [firearm] [destructive device], and in doing so, caused [great bodily harm to] [the death of] (victim), you should find the defendant guilty of (felony) with discharge of a [firearm] [destructive device] causing [great bodily harm] [death].

Give if applicable.

If you find that (defendant) committed (felony identified in § 775.087(2)(a)2, Fla. Stat.) and you also find beyond a reasonable doubt that during the commission of the crime, [he] [she] discharged a [firearm] [destructive device], you should find the defendant guilty of (felony) with discharge of a [firearm] [destructive device].
If you find that (defendant) committed (felony listed in identified-by § 775.087(2)(a)1, Fla. Stat.) and you also find beyond a reasonable doubt that during the commission of the crime, the defendant [he] [she] actually possessed [a firearm] [a destructive device], fe semiautomatic firearm and its high-capacity detachable box magazine] [a ma-ehine-gunjy you should find the defendant guilty of (felony) with (applicable firearm(s)/device) actual possession of a [firearm] [destructive device].
Give applicable definitions contained in §§ 790.001(4), or 790.001(6), 775.087(2)(b), and 790.001(9), Fla. Stat.
If you find only that (defendant)-committed-(felony,-as-identified-is § 775.087(2), Fla. Stat.), but did not actually-possess — a—(applicable firearm(s)/device) [firearm] -[-destructive device], then you- should — find- the defendant guilty only of- -(felony) — w-ithout-actual possession of a [firearm] [destructive device].
A [“firearm”] [“destructive device”] is legally defined as (adapt from § 790.001(4) or § 790.001(6) Fla. Stat.).

Give a or b or both as applicable. See § 775.087(4), Fla. Stat.

To “actually possess” a firearm means that the defendant
a. carried a firearm on [his] [her] person.
or
b. had a firearm within immediate physical reach with ready access with the intent to use the firearm during the commission of the crime.
Comment
This instruction was adopted in July 1992 [603 So.2d 1175] and amended in 2008.
3.5(c) ACCESSORY AFTER THE FACT
§ 777.03(1)(a), Fla. Stat.
To prove the crime of being an Accessory After the Fact, the State must prove the following [four] [five] elements beyond a reasonable doubt:
1. A(felony alleged) was committed by (name of person committing felony).
2. After the(felony alleged) was committed, (defendant) [maintained], [assistedJr-or-taided or attempted to aid] gave any other aid to (name of person committing felony).
3. At that time, (defendant) knew that (name of person committing felony) had committed the (felony alleged).
4. (Defendant) did so with the intent that (name of person committing felony) avoid or escape detection, arrest, trial, or punishment.
*492 If the felony alleged, is a third degree felony, give element # 5.
5. (Defendant) was not related to (name of person committing felony) by blood or marriage as husband, wife, parent, grandparent, child, grandchild, brother, or sister.

Define the felony alleged. If the felony alleged is child abuse, neglect of a child, aggravated child abuse, aggravated manslaughter of a child under 18 years of age, or murder of a child under 18 years of age, it is a defense if the court finds that the defendant was a victim of domestic violence. See § 777.03(1)(b), Fla. Stat.

It is not necessary for the State to prove that (defendant’s) assistance was successful in allowing (name of person committing felony) to avoid or escape detection, arrest, trial or punishment, nor is it necessary for the State to prove that (name of person committing felony) was convicted.
The intent with which an act is done is an operation of the mind and, therefore, is not always capable of direct and positive proof. It may be established by circumstantial evidence like any other fact in a case.
Comment
The degree and offense level of “Accessory After the Fact” depends on the severity of the underlying felony. Accordingly, lesser included offenses must be tailored depending on the felony alleged.
In cases involving proof of knowledge by circumstantial evidence, see Bowen v. State, 791 So.2d 44 (Fla. 2nd DCA 2001).
This instruction was adopted in 1987 [508 So.2d 1221] and amended in 2008.
16.7 USE OF A CHILD IN A SEXUAL PERFORMANCE
§ 827.071(2), Fla. Stat.
To prove the crime of Use of a Child in a Sexual Performance, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) [employed] [authorized] [induced] (victim) to engage in a sexual performance.
2. (Defendant) knew the character and content of the performance.
3. At the time, (victim) was less than 18 years of age.

Definitions.

“Sexual performance” means any performance or part thereof which includes sexual conduct by a child of less than 18 years of age.
“Performance” means any play, motion picture, photograph, or dance or any other visual representation exhibited before an audience.
“Sexual conduct” means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.

Give if applicable.

A mother’s breastfeeding of her baby does not under any circumstance constitute “sexual conduct.”

*493
Give as applicable.

“Deviate sexual intercourse” means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.
“Sadomasochistic abuse” means flagellation or torture by or upon a person, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction from inflicting harm on another or receiving such harm oneself.
“Sexual battery” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, “sexual battery” does not include an act done for a bona fide medical purpose.
“Sexual bestiality” means any sexual act between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.
“Simulated” means the explicit depiction of “sexual conduct,” as defined above, which creates the appearance of such conduct and which exhibits any uncovered portion of the breasts, genitals, or buttocks.
Comment
This instruction was adopted in 2008.
16.8 USE OF A CHILD IN A SEXUAL PERFORMANCE WITH CONSENT OF PARENT, LEGAL GUARDIAN, OR CUSTODIAN
§ 827.071(2), Fla. Stat.
To prove the crime of Use of a Child in a Sexual Performance, the State must prove the following four elements beyond a reasonable doubt:
L (Defendant) consented to the participation of (victim) in a sexual performance.
2. (Defendant) knew the character and content of the performance.
3. At the time, (victim) was less than 18 years of age.
4. (Defendant) was the [parent] [legal guardian] [custodian] of (victim).

Definitions.

“Sexual performance” means any performance or part thereof which includes sexual conduct by a child of less than 18 years of age.
“Performance” means any play, motion picture, photograph, or dance or any other visual representation exhibited before an audience.
“Sexual conduct” means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.

Give jf applicable.

A mother’s breastfeeding of her baby does not under any circumstance constitute “sexual conduct.”

Give as applicable.

“Deviate sexual intercourse” means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.
*494 “Sadomasochistic abuse” means flagellation or torture by or upon a person, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction from inflicting harm on another or receiving such harm oneself.
“Sexual battery” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, “sexual battery” does not include an act done for a bona fide medical purpose.
“Sexual bestiality” means any sexual act between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.
“Simulated” means the explicit depiction of “sexual conduct,” as defined above, which creates the appearance of such conduct and which exhibits any uncovered portion of the breasts, genitals, or buttocks.
Comment
This instruction was adopted in 2008.
16.9 PROMOTING A SEXUAL PERFORMANCE BY A CHILD
§ 827.071(3), Fla. Stat.
To prove the crime of Promoting a Sexual Performance by a Child, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) [produced] [directed] [promoted] a performance.
2. The performance included sexual conduct by a child less than 18 years of age.
3. (Defendant) knew the character and content of the performance.

Definitions.

“Promote” means to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, present, exhibit, or advertise or to offer or agree to do the same.
“Performance” means any play, motion picture, photograph, or dance or any other visual representation exhibited before an audience.
“Sexual conduct” means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.

Give if applicable.

A mother’s breastfeeding of her baby does not under any circumstance constitute “sexual conduct.”

Give as applicable.

“Deviate sexual intercourse” means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.
“Sadomasochistic abuse” means flagellation or torture by or upon a person, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction from inflicting harm on another or receiving such harm oneself.
*495 “Sexual battery” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, “sexual battery” does not include an act done for a bona fide medical purpose.
“Sexual bestiality” means any sexual act between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.
“Simulated” means the explicit depiction of “sexual conduct,” as defined above, which creates the appearance of such conduct and which exhibits any uncovered portion of the breasts, genitals, or buttocks.
Comment
This instruction was adopted in 2008.
16.10 POSSESSION OF MATERIAL INCLUDING SEXUAL CONDUCT BY A CHILD WITH INTENT TO PROMOTE
§ 827.071(4), Fla. Stat.
To prove the crime of Possession of Material including Sexual Conduct by a Child with Intent to Promote the State must prove the following two elements beyond a reasonable doubt:
L (Defendant) possessed with intent to promote a[n] [photograph] [motion picture] [exhibition] [show] [representation] [presentation].
2. The [photograph] [motion picture] [exhibition] [show] [representation] [presentation] included, in whole or in part, sexual conduct by a child less than 18 years of age.
The possession of three or more copies of such [photograph] [motion picture] [exhibition] [show] [representation] [presentation] may justify a finding of an intent to promote if, from all the surrounding facts and circumstances, you are convinced beyond a reasonable doubt that the intent existed.

Definitions.

“Promote” means to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, present, exhibit, or advertise or to offer or agree to do the same.
“Sexual conduct” means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.

Give if applicable.

A mother’s breastfeeding of her baby does not under any circumstance constitute “sexual conduct.”

Give as applicable.

“Deviate sexual intercourse” means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.
“Sadomasochistic abuse” means flagellation or torture by or upon a person, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction from inflicting harm on another or receiving such harm oneself.
“Sexual battery” means oral, anal, or vaginal penetration by, or union with, *496 the sexual organ of another or the anal or vaginal penetration of another by any other object; however, “sexual battery” does not include an act done for a bona fide medical purpose.
“Sexual bestiality” means any sexual act between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.
“Simulated” means the explicit depiction of “sexual conduct,” as defined above, which creates the appearance of such conduct and which exhibits any uncovered portion of the breasts, genitals, or buttocks.
Comment
This instruction was adopted in 2008.
16. 11 POSSESSION OF MATERIAL INCLUDING SEXUAL CONDUCT BY A CHILD
§ 827.071(5), Fla. Stat.
To prove the crime of Possession of Material including Sexual Conduct by a Child, the State must prove the following three elements beyond a reasonable doubt:
L (Defendant) knowingly possessed a[n] [photograph] [motion picture] [exhibition] [show] [representation] [presentation],
2. The [photograph] [motion picture] [exhibition] [show] [representation] [presentation] included, in whole or in part, sexual conduct by a child less than 18 years of age.
3. (Defendant) knew that the [photograph] [motion picture] [exhibition] [show] [representation] [presentation] included sexual conduct by a child less than 18 years of age.

Definitions.

“Sexual conduct” means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person’s clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.

Give if applicable.

A mother’s breastfeeding of her baby does not under any circumstance constitute “sexual conduct.”

Give as applicable.

“Deviate sexual intercourse” means sexual conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva.
“Sadomasochistic abuse” means flagellation or torture by or upon a person, or the condition of being fettered, bound, or otherwise physically restrained, for the purpose of deriving sexual satisfaction from inflicting harm on another or receiving such harm oneself.
“Sexual battery” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, “sexual battery” does not include an act done for a bona fide medical purpose.
“Sexual bestiality” means any sexual act between a person and an animal involving the sex organ of the one and the mouth, anus, or vagina of the other.
*497 “Simulated” means the explicit depiction of “sexual conduct,” as defined above, which creates the appearance of such conduct and which exhibits any uncovered portion of the breasts, genitals, or buttocks.
Comment
This instruction was adopted in 2008.
18.3 FALSE INFORMATION TO LAW ENFORCEMENT
§ 837.055 Fla. Stat.
To prove the crime of False Information to Law Enforcement, the State must prove the following five elements beyond a reasonable doubt:
L (Name of law enforcement officer) was conducting a [missing person investigation] [felony criminal investigation].
2. (Name of law enforcement officer) was a law enforcement officer.
3. (Defendant) knew that (name of law enforcement officer) was a law enforcement officer.
4. (Defendant) knowingly and willfully gave false information to (name of law enforcement officer).
5. (Defendant) intended to mislead (name of law enforcement officer) or impede the investigation.

Definition.

“Willfully” means intentionally, knowingly and purposely.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2008.
21.7 GIVING FALSE NAME OR IDENTIFICATION TO LAW ENFORCEMENT OFFICER ADVERSELY AFFECTING ANOTHER
§ 901.36(2), Fla. Stat.
To prove the crime of Giving False Name or Identification to Law Enforcement Officer Adversely Affecting Another, the State must prove the following four elements beyond a reasonable doubt.
L (Defendant) was [arrested] [lawfully detained] by a law enforcement officer.
2. (Defendant) [gave a false name] [falsely identified [himself] [herself] in any way] as (victim) to (name of officer or county jail personnel).
3. At the time, (name of officer or county .jail personnel) was [a law enforcement officer] [personnel of a county jail].
4. (Victim) was adversely affected by the unlawful use of [his] [her] [name] [identification].
The court now instructs you that every (name of official position of [officer] [county jail personnel]) is [an officer] [personnel of a county jail] within the meaning of this law.

In giving this instruction, do not refer to the [officer] [county jail personnel] by name. The instruction must state the class of officer or personnel to which the individual named in the charge belongs, e.g., deputy sheriff, correctional officer, booking officer. See Wright v. State, 586 So.2d 1024 (Fla.1991).

Give if lawfully detained is charged.

A person may be lawfully detained if the officer reasonably suspects that per *498 son violated or was about to violate the law.
Lesser Included Offenses
21.7 GIVING FALSE NAME OR IDENTIFICATION TO LAW ENFORCEMENT OFFICER ADVERSELY AFFECTING ANOTHER § 901.36(2)
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
False Name or ID to LEO 901.36(1)
None
Comment
This instruction was adopted in 2008.

. The amendments as reflected in the appendix are to the Standard Jury Instructions in Criminal Cases as they appear on the Court’s website at www.floridasupremecourt.org/ jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to the instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instructions.