# Supreme Court of Florida

_____

No. SC16-1440
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
INSTRUCTION 29.24.**

[September 15, 2016]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to standard jury instruction

29.24 (Human Trafficking), and asks that the Court authorize the amended

standard instruction for publication and use.  We have jurisdiction.  See art. V,

§ 2(a), Fla. Const.

Previously, under case number SC16-1430, the Committee submitted its

report requesting that the Court authorize for publication and use numerous

standard criminal jury instructions, including instruction 29.24.  Because the

proposed amendments to the Human Trafficking instruction were based upon 2016

legislative changes to section 787.06, Florida Statutes, the Committee was directed

to file a separate report including only its proposed amendments to instruction

29.24, to be reviewed pursuant to the Court's fast-track procedures in order to expedite consideration of the proposal. See In re Std. Jury Instrs. in Crim. Cases—Report 2016-07, No. SC16-1430 (Order) (Fla. Aug. 10, 2016); cf. In re Std. Jury Instrs. in Crim. Cases—Instrs. 9.1 and 9.2, 156 So. 3d 495, 495 n.1 (Fla. 2015).

The Committee previously published its proposal in The Florida Bar News. No comments were received pertaining to instruction 29.24.

The more significant changes to instruction 29.24 are discussed below. First, a "reclassification" section is added, based upon chapter 2016-24, section 3, Laws of Florida, which adds a new section 787.06(8), Florida Statutes, to reclassify second-degree Human Trafficking to a first-degree felony and first-degree Human Trafficking to a life felony, if the defendant causes great bodily harm, permanent disfigurement, or permanent disability to another during the commission of the crime. The amendment to the instruction requires the jury to make that later finding if it found the defendant guilty of Human Trafficking. Second, a "lack of chastity is not a defense" section is added based upon chapter 2016-199, section 4, Laws of Florida, which adds a new section 787.06(10) to provide a victim's lack of chastity or the willingness or consent of a victim is not a defense to prosecution under section 787.06 if the victim was under the age of 18 at the time of the offense.

Having considered the Committee's report and reviewing the relevant legislation, we authorize the amendments as proposed by the Committee. Accordingly, instruction 29.24 is authorized for publication and use as set forth in the appendix to this opinion.[1] New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of instruction 29.24, we express no opinion on its correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instruction. We further caution all interested parties that any comments associated with the instruction reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instruction as set forth in the appendix shall become effective on October 1, 2016, at 12:01 a.m.[2]

It is so ordered.

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

2. See ch. 2016-24, § 70, Laws of Fla. (amendment effective on October 1, 2016); ch. 2016-199, § 6, Laws of Fla. (amendment effective July 1, 2016).

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Frederic Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Barton Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

  for Petitioner

**APPENDIX**

**29.24 HUMAN TRAFFICKING**
§ 787.06(3), Fla. Stat.

**To prove the crime of Human Trafficking, the State must prove the following two elements beyond a reasonable doubt:**

**1.** (Defendant) **knowingly, or in reckless disregard of the facts, [engaged in] [attempted to engage in] [benefited financially by receiving something of value from participation in a venture that subjected a person to] human trafficking.**

*Give as applicable*
**2.** *§ 787.06(3)(a)1, Fla. Stat.*
**The human trafficking was for the labor or services of a child.**

*§ 787.06(3)(a)2, Fla. Stat.*
**The human trafficking involved** (defendant's) **use of coercion for the labor or services of an adult.**

*§ 787.06(3)(b), Fla. Stat.*
**The human trafficking involved** (defendant's) **use of coercion for commercial sexual activity of an adult.**

*§ 787.06(3)(c)1, Fla. Stat.*
**The human trafficking was for the labor or services of a child who was an unauthorized alien.**

*§ 787.06(3)(c)2, Fla. Stat.*
**The human trafficking involved** (defendant's) **use of coercion for the labor or services of an adult who was an unauthorized alien.**

*§ 787.06(3)(d), Fla. Stat.*
**The human trafficking involved** (defendant's) **use of coercion for commercial sexual activity of an adult who was an unauthorized alien.**

*§ 787.06(3)(e)1, Fla. Stat.*
**The human trafficking was for the labor or services of a child by the transfer or transport of the child from outside Florida to within this state.**

*§ 787.06(3)(e)2, Fla. Stat.*
**The human trafficking involved** (defendant's) **use of coercion for the labor or services of an adult by the transfer or transport of the adult from outside Florida to within this state.**

*§ 787.06(3)(f)1, Fla. Stat.*
**The human trafficking was for commercial sexual activity of a child by the transfer or transport of the child from outside Florida to within this state.**

*§ 787.06(3)(f)2, Fla. Stat.*
**The human trafficking involved** (defendant's) **use of coercion for commercial sexual activity of an adult by the transfer or transport of the adult from outside Florida to within this state.**

*§ 787.06(3)(g), Fla. Stat.*
**The human trafficking was for commercial sexual activity in which a [child] [person who is mentally defective or mentally incapacitated] was involved.**

*Reclassification. § 787.06(8), Fla. Stat. Give if applicable.*
**If you found** (defendant) **guilty of Human Trafficking, you must further determine whether the State proved beyond a reasonable doubt that during the commission of the Human Trafficking, [he] [she] caused [great bodily harm] [or] [permanent disability] [or] [permanent disfigurement to [another person] [**(victim)]**.**

*Definitions.*
*Give in all cases.*
*§ 787.06(2)(d), Fla. Stat.*
**"Human trafficking" means [transporting] [soliciting] [recruiting] [harboring] [providing] [enticing] [maintaining] [or] [obtaining] another person for the purpose of exploitation of that person.**

**"Child" means a person under the age of 18.**

**"Adult" means a person 18 years of age or older.**

*Give if applicable.*
*§ 787.06(2)(a), Fla. Stat.*
**"Coercion" means:**
1.      **Using or threatening to use physical force against any person;**

2.      **Restraining, isolating, or confining or threatening to restrain, isolate, or confine any person without lawful authority and against her or his will;**

23.     **Using lending or other credit methods to establish a debt by any person when labor or services are pledged as a security for the debt, if the value of the labor or services as reasonably assessed is not applied toward the liquidation of the debt, the length and nature of the labor or services are not respectively limited and defined;**

34.     **Destroying, concealing, removing, confiscating, withholding, or possessing any actual or purported passport, visa, or other immigration document, or any other actual or purported government identification document, of any person;**

45.     **Causing or threatening to cause financial harm to any person;**

56.     **Enticing or luring any person by fraud or deceit; or**

67.     **Providing a controlled substance as outlined in Schedule [I] [II] of Florida Statute 893.03 to any person for the purpose of exploitation of that person.**

(Name of controlled substance) **is a Schedule [I] [II] drug within Florida Statute 893.03.**

*Give as applicable.*
*§ 787.06(2)(b), Fla. Stat.*
**"Commercial sexual activity" means:**

a.      (name of chapter 796 crime)**.** (Name of chapter 796 crime) **is defined as** (*insert definition of Chapter 796 crime*)**.**

**b.**    **an attempt to commit** (name of chapter 796 crime)**. An attempt to commit** (name of chapter 796 crime) **is defined as** (*insert definition of attempt in Instruction 5.1 and then define the Chapter 796 crime*)**.**

**c.**    **sexually explicit performances. "Sexually explicit performance" means an act or show, whether public or private, that is live, photographed, recorded, or videotaped and intended to arouse or satisfy the sexual desires or appeal to the prurient interest.**

**d.**    **the production of pornography.**

*§ 787.06(2)(c), Fla. Stat. Insert definition of loan sharking from §687.071 Fla. Stat. Insert explanation of the statute of frauds from §725.01 Fla. Stat.*
**"Financial harm" includes [extortionate extension of credit] [loan sharking] [employment contracts that violate the statute of frauds].**

*§ 787.06(2)(e), Fla. Stat.*
**"Labor" means work of economic or financial value.**

*§ 787.06(2)(f), Fla. Stat.*
**"Maintain" means in relation to labor or services, to secure or make possible continued performance thereof, regardless of any initial agreement on the part of a victim to perform such type service.**

*§ 787.06(2)(g), Fla. Stat.*
**"Obtain" means, in relation to labor or services, to secure performance thereof.**

*§ 787.06(2)(h), Fla. Stat.*
**"Services" means any act committed at the behest of, under the supervision of, or for the benefit of another. [The term includes, but is not limited to [forced marriage] [servitude] [the removal of organs].]**

*§ 787.06(2)(j), Fla. Stat. See 8 U.S.C. s. 1324a(h)(3).*
**"Unauthorized alien" means an alien who is not authorized under federal law to be employed in the United States.**

*§ 787.06(2)(k), Fla. Stat.*
**"Venture" means any group of two or more individuals associated in fact, whether or not a legal entity.**

*§ 787.06(3)(g), 794.011(1), Fla. Stat.*
**"Mentally incapacitated" means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic, or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person without his or her consent.**

**"Mentally defective" means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.**

*Give if requested. § 787.06(8~~9~~9), Fla. Stat.*
**The defendant's ignorance of** ~~the victim's~~ (victim's) **age,** ~~the victim's~~ (victim's) **misrepresentation of [his]** ~~or~~ **[her] age, or the defendant's bona fide belief of** ~~the victim's~~ (victim's) **age is not a defense to the crime charged.**

*Give if requested. § 787.06(10), Fla. Stat.*
(Victim's) **lack of chastity or the willingness or consent of** (victim) **is not a defense if [he] [she] was under 18 years of age at the time of the offense.**

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

### Comments

A conviction under § 787.06(3)(f)1, ~~Fla. Stat.~~Florida Statutes, (human trafficking via commercial sexual activity of a child by transport or transfer into Florida) is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life. However, a conviction under § 787.06(3)(g), Florida Statutes, (human trafficking via commercial sexual activity where a child was involved but without a finding that the child was transported from outside the state) is a life felony.

This instruction was adopted in 2013 [131 So. 3d 692] and amended in 2015 [176 So. 3d 938], and 2016.