# Supreme Court of Florida

———————

No. SC16-2239

———————

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2016-12.**

[April 27, 2017]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted a report proposing amendments to one existing

instruction and the addition of one new instruction. The Committee requests that

the Court authorize its proposals for publication and use. We have jurisdiction.

See art. V, § 2(a), Fla. Const.

The Committee proposes amending existing instruction 21.15 (False

Information to Law Enforcement), and adopting new instruction 29.26 (Unlawful

Use of a Two-Way Communications Device). Following publication of its

proposals, two comments were received by the Committee. The Committee

considered the comments, but did not make the recommended changes.

The more significant changes to the standard criminal jury instructions include the following. As amended, existing instruction 21.15 (False Information to Law Enforcement), which covers the crime of knowingly giving false information to a law enforcement officer who is conducting a missing person or a felony criminal investigation, adds the sentence, "The court instructs you that (name of crime) is a felony." Next, as adopted, new instruction 29.26 (Unlawful Use of a Two-Way Communications Device) instructs upon the crime as set forth in section 934.215, Florida Statutes (2016), and includes the two elements that track the language of the statute. The instruction further provides that the identified felony is a felony.

Having considered the Committee's report and the comments to the proposals, the proposed amendments to jury instruction 21.15 and new instruction 29.26, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1] New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion as to their correctness and remind

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 21.15 FALSE INFORMATION TO LAW ENFORCEMENT
§ 837.055(1), Fla. Stat.

**To prove the crime of False Information to Law Enforcement, the State must prove the following five elements beyond a reasonable doubt:**

1. (Name of law enforcement officer) **was conducting a [missing person investigation] [felony criminal investigation].**

2. (Name of law enforcement officer) **was a law enforcement officer.**

3. (Defendant) **knew that** (name of law enforcement officer) **was a law enforcement officer.**

4. (Defendant) **knowingly and willfully gave false information to** (name of law enforcement officer)**.**

5. (Defendant) **intended to mislead** (name of law enforcement officer) **or impede the investigation.**

*Definition.*
*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means intentionally, knowingly and purposely.**

*Give if applicable. Felony criminal investigation.*
**The court instructs you that** (name of crime) **is a felony.**

### Lesser Included Offenses

| FALSE INFORMATION TO LAW ENFORCEMENT — 837.055(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

### Comments
If there is a dispute about whether the law enforcement officer was investigating a felony as opposed to a misdemeanor, the court might consider instructing jurors on the elements of the felony.

As of November 2016, there was~~There is~~ no case law regarding the definition of "law enforcement officer."

This instruction was adopted in 2008 [995 So. 2d 489] and amended in 2013 [131 So. 3d 755] and 2017.

## 29.26 UNLAWFUL USE OF A TWO-WAY COMMUNICATIONS DEVICE
§ 934.215, Fla. Stat.

**To prove the crime of Unlawful Use of a Two-Way Communications Device, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **used a two-way communications device.**

2. **[He] [She] did so for the purpose of facilitating or furthering the commission of a felony.**

*Give if applicable.*
**The Court instructs you that** (name of felony) **is a felony.**

*Give if requested.*
**The term "two-way communications device" includes, but is not limited to a portable two-way wireless device.**

## Lesser Included Offenses

| UNLAWFUL USE OF A TWO-WAY COMMUNICATION DEVICE — 934.215 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comments
As of November 2016, there was no definition in the statutes or case law for "two-way communications device."

If there is a dispute about whether the defendant was facilitating or furthering the commission of a felony as opposed to a misdemeanor, the court might consider instructing jurors on the elements of the felony.

<u>This instruction was adopted in 2017.</u>