# Supreme Court of Florida

_____

No. SC16-1430
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2016-07.**

[May 10, 2018]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted a proposed change to standard jury instruction

29.25 (Human Trafficking by a [Parent] [Legal Guardian] [Person with Custody or

Control] of a Minor), and asks that the Court authorize the amended standard

instruction for publication and use. We have jurisdiction. *See* art. V, § 2(a), Fla.

Const.

The Committee submitted its report in this case, proposing amendments to a

number of the standard criminal jury instructions. On August 10, 2016, the Clerk's

Office issued an order directing that the proposal pertaining to instruction 29.24

(Human Trafficking), be severed from the remaining proposals, to be considered

under the Court's fast-track procedures because the statute that prompted

amendments to instruction 29.24 would become effective October 1, 2016. *See* § 787.06(8), Fla. Stat. (2016).[1]

In addition, the Committee brought to the Court's attention that there were two cases pending review in the Court that involved issues pertinent to the Committee's report. Accordingly, we issued a stay in this case, pending resolution of those other cases. The Committee later sought to have the stay lifted, and to withdraw instructions 11.7, 11.10, 11.10(a)-11.10(g), 11.11, 11.12, 11.18, and 29.13(c). We granted that motion on February 26, 2018. We now proceed with our consideration of the Committee's proposal to amend instruction 29.25.

The Committee proposes adding a section to instruction 29.25 including a definition for "Lack of Chastity," which is based upon chapter 2016-199, section 4, Laws of Florida, creating section 787.06(10), Florida Statutes (now section 787.06(11), Florida Statutes (2017)). Having considered the Committee's report and the applicable legislative amendment, we authorize instruction 29.25 for publication and use as set forth in the appendix to this opinion.[2] New language is

---

1. The Court subsequently released its opinion in that case, authorizing instruction 29.24 for publication and use as proposed. *In re Standard Jury Instructions in Criminal Cases—Instruction 29.24*, 200 So. 3d 754 (Fla. 2016).

2. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions

indicated by underlining. In authorizing the publication and use of instruction 29.25, we express no opinion on its correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instruction. We further caution all interested parties that any comment associated with the instruction reflects only the opinion of the Committee and is not necessarily indicative of the views of this Court as to its correctness or applicability. The instruction as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

---

authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

# APPENDIX

## 29.25 HUMAN TRAFFICKING BY A [PARENT] [LEGAL GUARDIAN] [PERSON WITH CUSTODY OR CONTROL] OF A MINOR
§ 787.06(4), Fla. Stat.

**To prove the crime of Human Trafficking By a [Parent] [Legal Guardian] [Person With Custody or Control] of a Minor, the State must prove the following four elements beyond a reasonable doubt:**

1. (Defendant) **[was a parent] [was a legal guardian] [had custody or control] of** (victim)**.**

2. (Defendant) **[sold or otherwise transferred custody or control of** (victim)**] [offered to sell or offered to otherwise transfer custody of** (victim)**].**

3. (Defendant) **did so [knowing] [or] [in reckless disregard of the fact] that as a consequence of the sale or transfer,** (victim) **would be subjected to human trafficking.**

4. **At the time,** (victim) **was under the age of 18 years.**

*Definitions.*
*Give in all cases.*
*§ 787.06(2)(d), Fla. Stat.*
**"Human trafficking" means [transporting] [soliciting] [recruiting] [harboring] [providing] [enticing] [maintaining] [or] [obtaining] another person for the purpose of exploitation of that person.**

*§ 787.06(2)(f), Fla. Stat.*
**"Maintain" means in relation to labor or services, to secure or make possible continued performance thereof, regardless of any initial agreement on the part of a victim to perform such type service.**

*§ 787.06(2)(g), Fla. Stat.*
**"Obtain" means, in relation to labor or services, to secure performance thereof.**

*Give if requested. § 787.06(11), Fla. Stat.*
**(Victim's) lack of chastity or the willingness or consent of** (victim) **is not a defense if [he] [she] was under 18 years of age at the time of the offense.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2013 [131 So. 3d 692] and amended in 2015 [176 So. 3d 938], and 2018.