# Supreme Court of Florida

_____

No. SC18-2030

_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2018-14.**

April 11, 2019

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to standard jury instructions

3.3(d) (Possession of a [Firearm] [Destructive Device] [and Discharge] [Causing

[Great Bodily Harm] [Death]]), 8.5(a) (Domestic Battery by Strangulation), 16.5

(Neglect of a Child), 21.14 (False Information to Law Enforcement Investigating a

Missing Person 16 Years of Age or Younger Who Suffers [Great Bodily Harm]

[Permanent Disability] [Permanent Disfigurement] [Death]), and 29.24 (Human

Trafficking), and asks that the Court authorize the amended standard instructions

for publication and use.  We have jurisdiction.  _See_ art. V, § 2(a), Fla. Const.

The Committee filed its report on December 7, 2018, having published its

proposals in the October 15, 2018, edition of _The Florida Bar News_.  No

comments were received by the Committee.  We authorize the proposed

amendments to the instructions for publication and use as proposed.  The

significant changes to the instructions are as follows.

First, instructions 3.3(d), 8.5(a), 16.5, 21.14, and 29.24 each include the

definition for "great bodily harm" as provided in *Wheeler v. State*, 203 So. 3d

1007, 1009 (Fla. 4th DCA 2016), to be given if applicable.

Next, instruction 3.3(d) is updated to cite to section 790.001(6), Florida

Statutes (2018), and to include the definition of "firearm."

Lastly, the definition of "bona fide" as "genuine" is added to instruction

29.24, consistent with the sex-offense-related instructions.  *See In re Stnd. Jury*

*Instrs. in Criminal Cases—Report 2018-04*, 257 So. 3d 370, 374 (Fla. 2018).

Having considered the Committee's report, we authorize the amended

instructions as set forth in the appendix to this opinion for publication and use.[1]

New language is indicated by underlining, and deleted language is indicated by

struck-through type.  We caution all interested parties that any comments

associated with the instructions reflect only the opinion of the Committee and are

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml.  We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions.  Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

not necessarily indicative of the views of this Court as to their correctness or applicability.  In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions.  The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

## 3.3(d) POSSESSION OF A [FIREARM] [DESTRUCTIVE DEVICE] [AND DISCHARGE] [CAUSING [GREAT BODILY HARM] [DEATH]]
§ 775.087(2), Fla. Stat.

*Give if applicable.*
**If you find that** (defendant) **committed** (felony identified in §775.087(2)(a)3, Fla. Stat.) **and you also find beyond a reasonable doubt that during the commission of the crime, [he] [she] discharged a [firearm] [destructive device], and in doing so, caused [great bodily harm to] [the death of]** (victim)**, you should find the defendant guilty of** (felony) **with discharge of a [firearm] [destructive device] causing [great bodily harm] [death].**

*Wheeler v. State, 203 So. 3d 1007 (Fla. 4th DCA 2016).*
**"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.**

*Give if applicable.*
**If you find that** (defendant) **committed** (felony identified in § 775.087(2)(a)2, Fla. Stat.) **and you also find beyond a reasonable doubt that during the commission of the crime, [he] [she] discharged a [firearm] [destructive device], you should find the defendant guilty of** (felony) **with discharge of a [firearm] [destructive device].**

**If you find that** (defendant) **committed** (felony listed in § 775.087(2)(a)1, Fla. Stat.) **and you also find beyond a reasonable doubt that during the commission of the crime, [he] [she] actually possessed [a firearm] [a destructive device], you should find the defendant guilty of** (felony) **with actual possession of a [firearm] [destructive device].**

~~**A ["firearm"] ["destructive device"] is legally defined as**~~ (adapt from § 790.001(4) or § 790.001(6) Fla. Stat.).

*§ 790.001(6), Fla. Stat.*
**A "firearm" is legally defined as any weapon, including a starter gun, which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any**

**firearm muffler or firearm silencer; any destructive device; or any machine gun. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a crime.]**

*§ 790.001(1), Fla. Stat., contains the definition of "antique firearm."*

*§ 790.001(4), Fla. Stat., contains the definition of "destructive device."*

*Give a <u>and/or</u> b <s>or both</s> as applicable. <s>See</s> § 775.087(4), Fla. Stat.*
**To "actually possess" a firearm means that the defendant**

a. **carried a firearm on [his]_[her] person.**

   **or**

b. **had a firearm within immediate physical reach with ready access with the intent to use the firearm during the commission of the crime.**

### Comment

This instruction was adopted in ~~July~~ 1992 [603 So. 2d 1175] and amended in 2008 [995 So. 2d 489], and 2019.

### 8.5(a) DOMESTIC BATTERY BY STRANGULATION
§ 784.041(2)(a), Fla. Stat.

**To prove the crime of Domestic Battery by Strangulation, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **knowingly and intentionally impeded the normal [breathing] [circulation of the blood] of** (victim) **against [his] [her] will [by applying pressure on the throat or neck of** (victim)**] [by blocking the nose or mouth of** (victim)**].**

2. **In so doing,** (Defendant) **[created a risk of great bodily harm to** (victim)**.] [caused great bodily harm to** (victim)**.]**

**3.**　　(Defendant) **was [a family or household member of** (victim)**.] [in a dating relationship with** (victim)**.]**

*Give as applicable.*
　　 **"Family or household member" means spouses, former spouses, persons related by blood or marriage, persons who are presently residing together as if a family or who have resided together in the past as if a family, and persons who are parents of a child in common regardless of whether they have been married.　With the exception of persons who have a child in common, the family or household members must be currently residing or have in the past resided together in the same single dwelling unit.**

　　**"Dating relationship" means a continuing and significant relationship of a romantic or intimate nature.**

　　*Wheeler v. State, 203 So. 3d 1007 (Fla. 4th DCA 2016).*
　　**"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.**

## Lesser Included Offenses

| FELONY DOMESTIC BATTERY BY STRANGULATION – 784.041(2)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Battery | | 784.03 | 8.3 |
| | None | | |

## Comment

　　This instruction was adopted in 2008 [994 So. 2d 1038], and amended in 2019.

## 16.5 NEGLECT OF A CHILD
§ 827.03(2)(b), Fla. Stat.
(Great Bodily Harm, Permanent Disability,
or Permanent Disfigurement)

To prove the crime of Neglect of a Child Causing [Great Bodily Harm] [Permanent Disability] [Permanent Disfigurement], the State must prove the following four elements beyond a reasonable doubt:

1. (Defendant)

   *Give as applicable.*
   a. **[willfully] [by culpable negligence] failed or omitted to provide** (victim) **with the care, supervision, and services necessary to maintain** (victim's) **physical or mental health.**

   b. **failed to make a reasonable effort to protect** (victim) **from abuse, neglect, or exploitation by another person.**

2. **In so doing,** (defendant) **caused [great bodily harm] [permanent disability] [permanent disfigurement] to** (victim)**.**

3. (Defendant) **was a caregiver for** (victim)**.**

4. (Victim) **was under the age of 18 years.**

**Neglect of a child may be based on repeated conduct or on a single incident or omission that resulted in, or reasonably could have been expected to result in, serious physical or mental injury, or a substantial risk of death, to a child.**

*Definition. Give in all cases.*
**"Caregiver" means a parent, adult household member, or other person responsible for a child's welfare.**

*Definition. Give if applicable.*
**I will now define what is meant by the term "culpable negligence": Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care for others. For negligence to be called culpable negligence, it must be gross and flagrant. The negligence must be committed with an utter disregard for the safety of**

- 7 -

**others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily harm.**

*Great bodily harm. Wheeler v. State, 203 So. 3d 1007 (Fla. 4th DCA 2016).*
**"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.**

**Lesser Included Offenses**

| NEGLECT OF A CHILD CAUSING GREAT BODILY HARM, PERMANENT DISABILITY OR PERMANENT DISFIGUREMENT— 827.03(2)(b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Child neglect | | 827.03(3)(d) | 16.6 |
| Culpable Negligence Inflicting Injury, if culpable negligence is charged | | 784.05 | 8.9 |
| Culpable Negligence Exposing Another to Injury, if culpable negligence is charged | | 784.05 | 8.9 |

**Comment**

This instruction was adopted in 2002 [824 So. 2d 881] and amended in 2013 [122 So. 3d 263], and 2019.

**21.14   FALSE INFORMATION TO LAW ENFORCEMENT INVESTIGATING A MISSING PERSON 16 YEARS OF AGE OR YOUNGER WHO SUFFERS [GREAT BODILY HARM] [PERMANENT DISABILITY] [PERMANENT DISFIGUREMENT] [DEATH]**
§ 837.055(2), Fla. Stat.

**To prove the crime of False Information to Law Enforcement Investigating a Missing Person 16 Years of Age or Younger Who Suffers**

**[Great Bodily Harm] [Permanent Disability] [Permanent Disfigurement] [Death], the State must prove the following six elements beyond a reasonable doubt:**

1. (Name of law enforcement officer) **was conducting a missing person investigation involving a child 16 years of age or younger.**

2. (Name of law enforcement officer) **was a law enforcement officer.**

3. (Defendant) **knew** (name of law enforcement officer) **was a law enforcement officer.**

4. (Defendant) **knowingly and willfully gave false information to** (name of law enforcement officer).

5. (Defendant) **intended to mislead** (name of law enforcement officer) **or impede the investigation.**

6. **The child who was the subject of the investigation suffered [great bodily harm] [death] [permanent [disability] [disfigurement]].**

*Definitions.*
*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully" means knowingly, intentionally, and purposely.**

*Wheeler v. State, 203 So. 3d 1007 (Fla. 4th DCA 2016).*
**"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.**

| **FALSE INFORMATION TO LAW ENFORCEMENT INVESTIGATING A MISSING PERSON 16 YEARS OF AGE OR YOUNGER WHO SUFFERS [GREAT BODILY HARM] [DEATH] [PERMANENT [DISABILITY] [DISFIGUREMENT] - § 837.055(2)** | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Knowingly Giving False Information Concerning a Missing Person Investigation | | 837.055(1) | 21.15 |
| | Knowingly Giving False Information Concerning a Felony Criminal Investigation | 837.055(1) | 21.15 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

As of November 2018, ~~I~~it is undetermined whether an element of this crime is that the defendant knew that the missing person investigation involved a child 16 years of age or younger.

As of November 2018, ~~T~~there is no case law regarding the definition of "law enforcement officer."

This instruction was adopted in 2013 [131 So. 3d 755], and amended in 2019.


**29.24 HUMAN TRAFFICKING**
§ 787.06(3), Fla. Stat.

**To prove the crime of Human Trafficking, the State must prove the following two elements beyond a reasonable doubt:**

1.     (Defendant) **knowingly, or in reckless disregard of the facts, [engaged in] [attempted to engage in] [benefited financially by receiving something of value from participation in a venture that subjected a person to] human trafficking.**

*Give as applicable.*
2.     *§ 787.06(3)(a)1, Fla. Stat.*
    **The human trafficking was for the labor or services of a child.**

    *§ 787.06(3)(a)2, Fla. Stat.*
    **The human trafficking involved** (defendant's) **use of coercion for the labor or services of an adult.**

    *§ 787.06(3)(b), Fla. Stat.*
    **The human trafficking involved** (defendant's) **use of coercion for commercial sexual activity of an adult.**

    *§ 787.06(3)(c)1, Fla. Stat.*
    **The human trafficking was for the labor or services of a child who was an unauthorized alien.**

    *§ 787.06(3)(c)2, Fla. Stat.*
    **The human trafficking involved** (defendant's) **use of coercion for the labor or services of an adult who was an unauthorized alien.**

    *§ 787.06(3)(d), Fla. Stat.*
    **The human trafficking involved** (defendant's) **use of coercion for commercial sexual activity of an adult who was an unauthorized alien.**

    *§ 787.06(3)(e)1, Fla. Stat.*
    **The human trafficking was for the labor or services of a child by the transfer or transport of the child from outside Florida to within this state.**

    *§ 787.06(3)(e)2, Fla. Stat.*
    **The human trafficking involved** (defendant's) **use of coercion for the labor or services of an adult by the transfer or transport of the adult from outside Florida to within this state.**

*§ 787.06(3)(f)1, Fla. Stat.*
**The human trafficking was for commercial sexual activity of a child by the transfer or transport of the child from outside Florida to within this state.**

*§ 787.06(3)(f)2, Fla. Stat.*
**The human trafficking involved** (defendant's) **use of coercion for commercial sexual activity of an adult by the transfer or transport of the adult from outside Florida to within this state.**

*§ 787.06(3)(g), Fla. Stat.*
**The human trafficking was for commercial sexual activity in which a [child] [person who is mentally defective or mentally incapacitated] was involved.**

*Reclassification. § 787.06(8), Fla. Stat. Give if applicable.*
**If you found** (defendant) **guilty of Human Trafficking, you must further determine whether the State proved beyond a reasonable doubt that during the commission of the Human Trafficking, [he] [she] caused [great bodily harm] [or] [permanent disability] [or] [permanent disfigurement to [another person] [**(victim)**].**

*Definitions.*
*Give in all cases.*
*§ 787.06(2)(d), Fla. Stat.*
**"Human trafficking" means [transporting] [soliciting] [recruiting] [harboring] [providing] [enticing] [maintaining] [or] [obtaining] another person for the purpose of exploitation of that person.**

**"Child" means a person under the age of 18.**

**"Adult" means a person 18 years of age or older.**

*Give if applicable.*
*Wheeler v. State, 203 So. 3d 1007 (Fla. 4th DCA 2016).*
**"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.**

*§ 787.06(2)(a), Fla. Stat.*

**"Coercion" means:**

1.      **Using or threatening to use physical force against any person;**

2.      **Restraining, isolating, or confining or threatening to restrain, isolate, or confine any person without lawful authority and against her or his will;**

3.      **Using lending or other credit methods to establish a debt by any person when labor or services are pledged as a security for the debt, if the value of the labor or services as reasonably assessed is not applied toward the liquidation of the debt, the length and nature of the labor or services are not respectively limited and defined;**

4.      **Destroying, concealing, removing, confiscating, withholding, or possessing any actual or purported passport, visa, or other immigration document, or any other actual or purported government identification document, of any person;**

5.      **Causing or threatening to cause financial harm to any person;**

6.      **Enticing or luring any person by fraud or deceit; or**

7.      **Providing a controlled substance as outlined in Schedule [I] [II] of Florida Statute 893.03 to any person for the purpose of exploitation of that person.**

(Name of controlled substance) **is a Schedule [I] [II] drug within Florida Statute 893.03.**

*Give as applicable.*
*§ 787.06(2)(b), Fla. Stat.*
**"Commercial sexual activity" means:**

> **a.**      (name of chapter 796 crime)**.** (Name of chapter 796 crime) **is defined as** (*insert definition of Chapter 796 crime*)**.**

- 13 -

**b.** **an attempt to commit** (name of chapter 796 crime)**. An attempt to commit** (name of chapter 796 crime) **is defined as** (*insert definition of attempt in Instruction 5.1 and then define the Chapter 796 crime*).

**c.** **sexually explicit performances. "Sexually explicit performance" means an act or show, whether public or private, that is live, photographed, recorded, or videotaped and intended to arouse or satisfy the sexual desires or appeal to the prurient interest.**

**d.** **the production of pornography.**

*§ 787.06(2)(c), Fla. Stat. Insert definition of loan sharking from §687.071 Fla. Stat. Insert explanation of the statute of frauds from §725.01 Fla. Stat.*
**"Financial harm" includes [extortionate extension of credit] [loan sharking] [employment contracts that violate the statute of frauds].**

*§ 787.06(2)(e), Fla. Stat.*
**"Labor" means work of economic or financial value.**

*§ 787.06(2)(f), Fla. Stat.*
**"Maintain" means in relation to labor or services, to secure or make possible continued performance thereof, regardless of any initial agreement on the part of a victim to perform such type service.**

*§ 787.06(2)(g), Fla. Stat.*
**"Obtain" means, in relation to labor or services, to secure performance thereof.**

*§ 787.06(2)(h), Fla. Stat.*
**"Services" means any act committed at the behest of, under the supervision of, or for the benefit of another. [The term includes, but is not limited to [forced marriage] [servitude] [the removal of organs].]**

*§ 787.06(2)(j), Fla. Stat. See 8 U.S.C. s. 1324a(h)(3).*
**"Unauthorized alien" means an alien who is not authorized under federal law to be employed in the United States.**

*§ 787.06(2)(k), Fla. Stat.*
**"Venture" means any group of two or more individuals associated in fact, whether or not a legal entity.**

*§ 787.06(3)(g), 794.011(1), Fla. Stat.*
**"Mentally incapacitated" means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic, or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person without his or her consent.**

**"Mentally defective" means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.**

*Give if requested. § 787.06(9), Fla. Stat.*
**The defendant's ignorance of** (victim's) **age,** (victim's) **misrepresentation of [his] [her] age, or the defendant's bona fide belief of** (victim's) **age is not a defense to the crime charged. "Bona fide" means genuine.**

*Give if requested. § 787.06(1̶0̶1), Fla. Stat.*
(Victim's) **lack of chastity or the willingness or consent of** (victim) **is not a defense if [he] [she] was under 18 years of age at the time of the offense.**

**Lesser Included Offenses**

No lesser included offenses have been identified for this offense.

**Comments**

A conviction under § 787.06(3)(f)1, Florida Statutes, (human trafficking via commercial sexual activity of a child by transport or transfer into Florida) is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life. However, a conviction under § 787.06(3)(g), Florida Statutes, (human trafficking via commercial sexual activity where a child was involved but without a finding that the child was transported from outside the state) is a life felony.

This instruction was adopted in 2013 [131 So. 3d 692] and amended in 2015 [176 So. 3d 938], a̶n̶d̶ 2016 [200 So. 3d 754], and 2019.