ERVIN, J.
Appellant, Elise Mitchell, seeks review of an order denying her motion for post-conviction relief. She asserted in her motion that counsel was ineffective for failing to investigate whether the property that was burned was a “dwelling” under the arson statute, for failing to interview and depose various witnesses, and for failing to investigate an intoxication defense. Additionally, she asserted that her plea was not voluntary, because counsel failed to investigate and therefore failed to properly advise her, and because she was under the influence of psychotropic medications at the time she entered her plea to the arson charge. We conclude that appellant raised a facially sufficient claim of ineffectiveness due to counsel’s alleged failure to investigate the property that was burned to determine whether it constituted a “dwelling” under the arson statute and reverse and remand on that point. The court’s remaining rulings are affirmed for the reasons that the claims are facially insufficient or rebutted by the record.
*1068 Appellant was charged with first-degree felony arson for burning a dwelling at 8315 Galveston Avenue in Jacksonville on January 20, 1996. She pleaded guilty to the charge and received a six-year sentence as a habitual felony offender. She thereafter alleged in her sworn motion for postconviction relief and supporting memorandum that the building had been vacant since 1994 and had numerous housing code violations which made it uninhabitable. A vacant, damaged, boarded-up house is not a “dwelling” within the meaning of section 806.01, Florida Statutes (1995), when there is no evidence the owners intend to return. See P.P.M. v. State, 447 So.2d 445 (Fla. 2d DCA 1984). Consequently, if appellant’s allegations are true, there would have been' no factual basis for her plea to first-degree arson. Because the trial court failed to attach anything from the record which rebuts appellant’s allegations on this point, the case is reversed and remanded for an evidentiary hearing to determine if counsel failed to properly investigate the case. If the court determines that counsel’s performance was deficient, it must then determine whether appellant’s plea, which was entered based upon counsel’s advice, was prejudiced by the deficient performance.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
BARFIELD, C.J., and JOANOS, J., CONCUR.