GROSS, J.
This case involves four things not uncommon in criminal court — teenage boys, alcohol, bad judgment, and a fight at a *1008 house party — combined with a prosecutor’s decision to charge an 18-year-old with a first degree felony under Chapter 827, Florida Statutes (2014), which is usually applied to miscreant parents or caregivers. The evidence at trial failed to support the crime as charged, so we reverse and remand to the circuit court for the entry of a judgment of acquittal.
The state charged appellant with aggravated child abuse under two subsections of 827.03(l)(a), Florida Statutes (2014). Subsection (l)(a)2 applies when a person “[wjillfully tortures, maliciously punishes, or willfully and knowingly cages a child.” Subsection (l)(a)3 is violated-when a person “[kjnowingly or willfully abuses a child and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to the child.” The statute defines a “child” as “any person under the age of 18 years.” § 827.01(2), Fla. Stat. (2014).

The State’s Case at Trial

The evidence at trial demonstrated that the 16-year-old victim went to a house party where teenagers were drinking alcoholic beverages. A boy challenged the victim to fight but the victim said he did not want to fight because he was too drunk. Appellant arrived at the party and, for reasons suggesting remarkably poor judgment, began a fight with the victim. Appellant asked his friend to record the incident. The video, which was played for the jury, shows appellant hitting and kicking the victim. Once the video ended, there was testimony that appellant pushed the victim outside.’ After the victim fell into a ditch, appellant hit him five or six times on the arms and face. Someone brought the victim his belongings and he sat on a porch and put on his boots. Appellant asked the victim for his mother’s phone number. Appellant called the victim’s mother and left a message that she needed to pick up her son because “he just got his ass whooped by me,” along with other vulgar statements. The victim walked away from the house under his own power. Later, appellant called his friend and asked him to post the video on Face-book.
The driver of a car found the victim lying in a roadway, “moaning and crying a little bit.” A cell phone photo of the victim in the middle of a road was introduced into evidence. The driver was not able to see if the victim was injured or bleeding, and thought he could merely have been passed out in the road.
The state offered no medical evidence as to the victim’s physical condition as the result of the beating.
Appellant’s motion for judgment of acquittal was denied.

The Charge Conference, Verdict, and Sentence

At the charge conference, appellant requested a jury instruction on the lesser offense of battery, a first degree misdemeanor. The court observed that there were no category 1 or 2 lesser included offenses for the charge of aggravated child abuse. The prosecutor explained that he tailored the information so that it did not allege “any of the elements of battery,” apparently to eliminate the possibility of the jury being able to consider lesser included .offenses. Appellant was not charged with violating the statute by committing “aggravated battery on a child” in violation of subsection 827.03(l)(a)l. In the end, the court denied appellant’s request for a battery instruction as a lesser offense.
As the case was charged, the jury had two options — guilty of aggravated child abuse as charged or not guilty. The jury returned a verdict of guilty.
The court imposed a 30-year prison sentence.

*1009
Discussion

The state failed to prove that the victim was “willfully tortured” or “maliciously punished” within the meaning of section 827.03(l)(a)2.
Case law establishes that “torture” involves extreme and sadistic conduct that is absent here. For example, in Nicholson v. State, 579 So.2d 816 (Fla. 1st DCA 1991), approved, 600 So.2d 1101 (Fla.1992), over a four month period, a mother and an accomplice imposed a regimen of forced exercise, severe beatings, and food deprivation to free a daughter of evil spirits. The child died of starvation. Id. The Florida Supreme Court concluded that this conduct constituted “willful torture” under an earlier version of the statute. 600 So.2d at 1103-04; see also Cox v. State, 1 So.3d 1220 (Fla. 2d DCA 2009); Snyder v. State, 564 So.2d 193 (Fla. 5th DCA 1990). The battery that occurred in this case did not rise to such an extreme level that amounts to torture.
Nor was there sufficient evidence of malicious punishment. In the context of Chapter 827, “punishment” denotes the existence of a relationship to a child wherein punishment might be administered, such as a pareni/child, caregiver/child, or any other relationship where the actor stands in loco parentis to - a child. “At common law, one standing in loco parentis had the right ‘to moderately chastise for correction a 'child under his or her control and authority.’ ” State v. Lanier, 979 So.2d 365, 369 (Fla. 4th DCA 2008) (quoting Raford v. State, 828 So.2d 1012, 1015 n. 5 (Fla.2002)). This view of Chapter 827 is supported by the statute’s definition of “maliciously,” which can be established by circumstances in which a “reasonable parent” would not have engaged. § 827.03(l)(c), Fla. Stat. (2014). Aggravated child abuse committed through malicious punishment “is reserved for ‘cases involving parental discipline that results in great bodily harm or permanent disabilities' and disfigurements or that demonstrates actual malice on the part of the parent and not merely a momentary anger or frustration.’ ” Cox, 1 So.3d at 1223 (quoting State v. McDonald, 785 So.2d 640, 646 (Fla. 2d DCA 2001)). Here, appellant and the victim did not have the type of relationship contemplated by Chapter 827 where punishment might be administered, and the extent of the battery committed did not rise to the level of “maliciousness” required by the statute.
The state also failed to make a case under section 827.03(l)(a)3 because it did not prove that the battery committed by appellant caused “great bodily harm, permanent disability, or permanent disfigurement” to the victim. Chapter 827 does not define “great bodily harm.” Intentionally or knowingly causing great bodily harm is one way of committing aggravated battery. § 784.045(l)(a)l, Fla. Stat. (2015). Aggravated child abuse can be committed by “aggravated battery on a child,” § 827.03(l)(a)l, Fla. Stat. (2014), so it is reasonable to assume that a term of art in Chapter 827 means the same thing that it does in Chapter 784.
In the context of aggravated battery, this court has held that “great bodily harm” is “ ‘distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises as are likely to be inflieted in simple assault and battery.’” T.W. v. State, 98 So.3d 238, 243 (Fla. 4th DCA 2012); see also Brown v. State, 86 So.3d 669, 571-72 (Fla. 5th DCA 2012); Cordon v. State, 126 So.3d 292, 295 (Fla. 3d DCA 2011); Smith v. State, 969 So.2d 452, 455 (Fla. 1st DCA 2007).
To establish great bodily harm, “[t]he state ‘must prove more than that the victim suffered some harm.’ ” Smith v. State, 175 So.3d 906, 908 (Fla. 4th DCA *1010 2015) (quoting T.W. v. State, 98 So.3d at 243); see also Nguyen v. State, 858 So.2d 1259, 1260 (Fla. 1st DCA 2003) (holding where “there was no testimony that the victim required medical treatment for her burns or that she had any lasting ill effects or scars ... there was insufficient testimony as a matter of law to support a charge of aggravated battery for causing great bodily harm.”).
' In this case, there was no medical testimony. The victim did not testify. There was an absence of evidence that the victim suffered great bodily harm. Testimony that the victim was moaning and crying in the video are, at best, proof of moderate harm insufficient to support a conviction.
The evidence at trial thus failed to establish all the elements of aggravated child abuse as charged. Had the state charged aggravated child abuse under subsection 827.03(l)(a)l, involving “aggravated battery on a child,” the court would have charged the jury with lesser included offenses, opening the door to the partial jury pardon that the prosecutor sought to avoid. Had appellant been convicted as charged under this subsection, we would apply section 924.34, Florida Statutes (2014), and direct the trial court to enter judgment for a “lesser offense necessarily included in the offense charged,” the crime of battery for which the evidence was abundant. Without this option, we reverse the conduction and remand to the circuit court with directions to enter a judgment of acquittal and discharge appellant.
WARNER and DAMOORGIAN, JJ., concur.