# Supreme Court of Florida

_____

No. SC18-1131

_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2018-05.**

November 21, 2018

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court authorize the amended standard instructions for publication and use.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

The Committee proposes amending the following standard criminal jury instructions:  12.1 (Arson – First Degree); 13.1 (Burglary); 13.3 (Trespass – In Structure or Conveyance); 13.4 (Trespass – On Property Other Than a Structure or Conveyance); and 13.21 (Impairing or Impeding Telephone or Power to a Dwelling to Facilitate or Further a Burglary).  The proposals were published by the Committee in *The Florida Bar News*.  No comments were received by the

Committee. After the Committee filed its report, the Court did not publish the proposals for comment.

Having considered the Committee's report, we amend the standard jury instructions as proposed by the Committee and authorize them for publication and use. We discuss the more significant amendments below.

First, the definitions of "dwelling" and "structure" in instructions 12.1, 13.1, 13.3, 13.4, and 13.21 that are based on sections 810.011(1) and (2), Florida Statutes (2018), are amended to include a bracketed sentence clarifying whether an enclosed space surrounding a building can be considered part of the dwelling or structure. The new sentence reads: "The enclosure need not be continuous as it may have an ungated opening for entering and exiting." Those definitions in those instructions are also amended to add a citation to *DuBose v. State*, 210 So. 3d 641 (Fla. 2017), in which this Court held that an enclosure "need not be continuous[,] and an ungated opening for ingress and egress does not preclude a determination that the yard is included in the curtilage of the house." *Id.* at 653-54 (alteration in original) (quoting *DuBose v. State*, 75 So. 3d 383, 384-85 (Fla. 1st DCA 2011)). The definition of "conveyance" found in instructions 13.1, 13.3, and 13.21 is also amended to better track the language of section 810.011(3), Florida Statutes.

Next, instructions 13.1, 13.3, and 13.4 are amended to include a definition of "great bodily harm," providing that " 'Great bodily harm' means great as

- 2 -

distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises." The definition is based upon that provided by *Wheeler v. State*, 203 So. 3d 1007 (Fla. 4th DCA 2016), in which the Fourth District Court of Appeal held that " 'great bodily harm' is 'distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises as are likely to be inflicted in simple assault and battery.' " *Id.* at 1009 (quoting *T.W. v. State*, 98 So. 3d 238, 243 (Fla. 4th DCA 2012)).

Additionally, instruction 13.1 is amended to reflect that claims of consent to enter the structure or conveyance, or that the premises were open to the public, are affirmative defenses rather than elements of the crime of burglary. This Court made clear in *State v. Hicks*, 421 So. 2d 510, 511-12 (Fla. 1982), and reiterated in *State v. Waters*, 436 So. 2d 66, 69 n.3 (Fla. 1983), that claims of consent are defenses to burglary that must be raised affirmatively.

Last, in instruction 13.1 the paragraph that currently reads "To 'arm' oneself during the course of a burglary includes possessing a firearm, whether loaded with ammunition or not, at any time during the course of committing the burglary" is amended to read "If you find a firearm to be a 'dangerous weapon,' then to 'arm' oneself during the course of a burglary includes possessing a firearm, whether loaded with ammunition or not, at any time during the course of committing a burglary." This language is amended to better reflect that a firearm must be found

to be a "dangerous weapon" under the burglary statute, because there is no authority making such a finding as a matter of law.

The amended criminal jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1] New language is indicated by underlining, and deleted language is indicated by struck-through type. We caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org/jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION. NOT FINAL UNTIL THIS TIME PERIOD EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

    for Petitioner

# APPENDIX

## 12.1 ARSON — FIRST DEGREE

§ 806.01(1), Fla. Stat.

**To prove the crime of Arson, the State must prove the following two elements beyond a reasonable doubt:**

**1.** (Defendant) **[willfully and unlawfully] [while engaged in the commission of [a felony]** [(felony alleged)~~]]~~**]] caused a[n] [fire] [explosion].**

*Give 2a if § 806.01(1)(a), Fla. Stat. is charged.*
**2. a. A dwelling, whether occupied or not, [or the contents of the dwelling,] was damaged by the [fire] [explosion].**

*Give 2b if § 806.01(1)(b), Fla. Stat. is charged.*
**b. A structure, where persons would normally be present at the time of the [fire] [explosion], [or the contents of a structure where persons would normally be present at the time of the [fire] [explosion]], was damaged by the [fire] [explosion].**

*Give 2c if § 806.01(1)(c), Fla. Stat. is charged.*
**c. A structure, that** (defendant) **knew or had reasonable grounds to believe would be occupied by a human being at the time of the [fire] [explosion], was damaged by the [fire] [explosion].**

*Knighten v. State, 568 So. 2d 1001 (Fla. 2d DCA 1990) and N.K.D. v. State, 799 So. 2d 428 (Fla. 1st DCA 2001).*
**In order to convict the defendant of Arson, it is not necessary for the State to prove [he] [she] intended to damage the [dwelling] [structure].**

*Give if applicable.*
**The e̶Court instructs you that** (name of felony) **is a felony.**

*Definitions. Give as applicable.*
*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*

6

**"Willfully"** means intentionally, knowingly, and purposely.

*Berry v. State, 566 So. 2d 22 (Fla. 1st DCA 1990).*
**"Unlawfully"** means without a legitimate, lawful purpose.

*§ 810.011(2), Fla. Stat. Dubose v. State, 210 So. 3d 641 (Fla. 2017).*
**"Dwelling"** means a building [or conveyance] of any kind, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it. [The enclosure need not be continuous as it may have an ungated opening for entering and exiting.] For purposes of arson, a "dwelling" includes an attached porch or attached garage.

*§ 806.01(3), Fla. Stat.;*
**"Structure"** means any building of any kind, any enclosed area with a roof over it, any real property and appurtenances, any tent or other portable building, and any vehicle, vessel, watercraft, or aircraft.

*If the defendant is charged with causing a fire or explosion while committing a felony, define the felony that the defendant was allegedly committing.*

**Lesser Included Offenses**

| ARSON — 806.01(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Arson – second degree | 806.01(2) | 12.2 |
| | Attempt | 777.04(1) | 5.1 |
| | Criminal mischief | 806.13 | 12.4 |

**Comments**

A special instruction is necessary in cases where the dwelling is vacant and the homeowner does not intend to return. See*See Mitchell v. State*, 734 So. 2d 1067 (Fla. 1st DCA 1999).

This instruction was adopted in 1981 and was amended in 1992 [603 So. 2d 1175], and 2014 [146 So. 3d 1110], and 2018.

7

# 13.1 BURGLARY
§ 810.02, Fla. Stat.

*Give if the information or indictment charges entering with the intent to commit an offense:*

**To prove the crime of Burglary, the State must prove the following [two] [three] elements beyond a reasonable doubt:**

1. (Defendant) **entered a [structure] [conveyance] owned by or in the possession of** (person alleged)**.**

2. **At the time of entering the [structure] [conveyance],** (defendant) **had the intent to commit [**(the crime alleged)**] [an offense other than burglary or trespass] in that [structure] [conveyance].**

*The offense intended cannot be trespass or burglary. If requested, the jury should be instructed on the elements of the offense(s) intended.*

*Affirmative defenses. Give ~~element 3~~ only if defendant meets his or her burden of production that he or she had an invitation or license to enter, or that the premises were open to the public. ~~See~~ State v. Hicks, 421 So. 2d 510 (Fla. 1982)~~,~~ and State v. Waters, 436 So. 2d 66 (Fla. 1983). Failure to instruct on consent constitutes fundamental error where consent is the sole or primary defense. Faulk v. State, 222 So. 3d 621 (Fla. 1st DCA 2017) and Harrison v. State, 229 So. 3d 830 (Fla. 4th DCA 2017).*

3. ~~[(Defendant) **was not [licensed] [invited] to enter the [structure] [conveyance].] [The premises were not open to the public at the time of the entering.]**~~ **It is a defense to the crime of Burglary if [**(defendant) **was [licensed] [or] [invited] to enter the [structure] [conveyance]] [the premises were open to the public at the time of the entering]. The State has the burden of proving beyond a reasonable doubt that [**(defendant) **was not [licensed] [or] [invited] to enter the [structure] [conveyance]] [the premises were not open to the public at the time of the entering].**

*Give if applicable.*

**If the [license] [invitation] to enter was obtained by (defendant's) trick or fraud or deceit, then the [license] [invitation] to enter was not valid.**

*Give if applicable.*

**If** (defendant) **entered premises that were open to the public, but then entered an area of the premises that [he] [she] knew or should have known was not open to the public,** (defendant) **committed a burglary if [he] [she] entered that non-public area with the intent to commit** [(the crime alleged)] **[an offense other than burglary or trespass] in that non-public area.**

*Give if applicable. § 810.07, Fla. Stat.*

**You may infer that** (defendant) **had the intent to commit a crime inside a [structure] [conveyance] if the [entering] [attempted entering] of the [structure] [conveyance] was done stealthily and without the consent of the owner or occupant.**

*Give if applicable.*

**The entry necessary need not be the whole body of the defendant. It is sufficient if the defendant, with the intent to commit a crime, extends any part of [his] [her] body into the [structure] [conveyance].**

*Give if the information or indictment charges remaining with the intent to commit an offense:*

**To prove the crime of Burglary, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **had permission or consent to enter a [structure] [conveyance] owned by or in the possession of** (person alleged)**.**

2. (Defendant)**, after entering the [structure] [conveyance], remained therein**

*Give 2a, 2b, or 2c as applicable.*
    a. **surreptitiously and with the intent to commit** [(the crime alleged)] **[an offense other than burglary or trespass] inside the [structure] [conveyance].**

9

**b.** **after permission to remain had been withdrawn and with the intent to commit** [(the crime alleged)] **[an offense other than burglary or trespass] inside the [structure] [conveyance].**

**c.** **with the intent to commit or attempt to commit a [forcible felony]** [(the forcible felony alleged)] **inside the [structure] [conveyance].**

*The offense intended cannot be trespass or burglary. Forcible felonies are listed in § 776.08 Fla. Stat. If requested, the jury should be instructed on the elements of the offense(s) or forcible felony/felonies intended.*

*Proof of intent.*
**The intent with which an act is done is an operation of the mind and, therefore, is not always capable of direct and positive proof. It may be established by circumstantial evidence like any other fact in a case.**

**Even though an unlawful [entering] [remaining in] a [structure] [conveyance] is proved, if the evidence does not establish that it was done with the intent to commit** [(the crime alleged)] **[an offense other than burglary or trespass], the defendant must be found not guilty of burglary.**

*Proof of possession of stolen property.*
**Proof of possession by an accused of property recently stolen by means of a burglary, unless satisfactorily explained, may justify a conviction of burglary if the circumstances of the burglary and of the possession of the stolen property convince you beyond a reasonable doubt that the defendant committed the burglary.**

*Definitions; give as applicable.*
*§ 810.011(1), Fla. Stat.* *Dubose v. State, 210 So. 3d 641 (Fla. 2017).*
**"Structure" means any building of any kind, either temporary or permanent, that has a roof over it, and the enclosed space of ground and outbuildings immediately surrounding that structure. [The enclosure need not be continuous as it may have an ungated opening for entering and exiting.]**

*§ 810.011(3), Fla. Stat.*

10

**"Conveyance"** means any motor vehicle, ship, vessel, railroad <u>vehicle or</u> car, trailer, aircraft or sleeping car; and to enter a conveyance includes taking apart any portion of the conveyance.

*Burglary enhancements:*
*With an assault.*

**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary,** (defendant) **assaulted any person. An assault is an intentional and unlawful threat, either by word or act, to do violence to another, at a time when the defendant appeared to have the ability to carry out the threat and [his] [her] act created a well-founded fear in the other person that the violence was about to take place.**

*With a battery.*

**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary,** (defendant) **battered any person. A battery is an actual and intentional touching or striking of another person against that person's will or the intentional causing of bodily harm to another person.**

*While armed.*

**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary,** (defendant) **was armed or armed [himself] [herself] within the [structure] [conveyance] with [explosives] [a dangerous weapon].**

*Definitions. Give as applicable. § 790.001(5), Fla. Stat. See exceptions in § 790.001(5)(a)–(d), Fla. Stat.*

**"Explosive"** means any chemical compound or mixture that has the property of yielding readily to combustion or oxidation upon application of heat, flame, or shock, including but not limited to dynamite, nitroglycerin, trinitrotoluene, or ammonium nitrate when combined with other ingredients to form an explosive mixture, blasting caps, and detonators.

<u>*State v. Rodriguez, 402 So. 2d 86 (Fla. 3d DCA 1981).*</u>

**A "dangerous weapon"** is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm. It

**is not necessary for the State to prove that the defendant intended to use or was willing to use the weapon in furtherance of the burglary in order for a weapon to constitute a "dangerous weapon."**

*Wheeler v. State, 203 So. 3d 1007 (Fla. 4th DCA 2016).*
**"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.**

*Hardee v. State, 534 So. 2d 706 (Fla. 1988).*
**If you find a firearm to be a "dangerous weapon," then to~~To~~ "arm" oneself during the course of a burglary includes possessing a firearm, whether loaded with ammunition or not, at any time during the course of committing the burglary.**

*Structure or conveyance is a dwelling.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether the [structure] [conveyance] [entered] [remained in] was a dwelling.**

*Definition. Give as applicable. Dubose v. State, 210 So. 3d 641 (Fla. 2017).*
**"Dwelling" means a building [or conveyance] of any kind, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it. [The enclosure need not be continuous as it may have an ungated opening for entering and exiting.] For purposes of burglary, a "dwelling" includes an attached porch or attached garage.**

*Human being in structure or conveyance.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary, there was another human being in the [structure] [conveyance], at the time [he] [she] [entered] [remained in] the [structure] [conveyance].**

*Offense intended is theft of a controlled substance.*
**If you find** (defendant) **guilty of burglary, you must also determine whether the State has proved beyond a reasonable doubt that the offense**

12

**intended to be committed therein was theft of a controlled substance. Pursuant to Florida law,** (*name of controlled substance*) **is a controlled substance. A theft occurs when a person knowingly and unlawfully obtains or uses or endeavors to obtain or use the property of the victim and does so with the intent to, either temporarily or permanently, deprive the victim of his or her right to the property or any benefit from it or to appropriate the property of the victim to his or her own use or to the use of any person not entitled to it.**

*Traveling from county of residence into another county with intent to commit a burglary and with purpose to thwart law enforcement efforts to track stolen property. § 843.22, Fla. Stat.*

**If you find** (defendant) **guilty of [Burglary] [Attempted Burglary] [Solicitation to Commit Burglary] [Conspiracy to Commit Burglary], you must also determine whether the State proved beyond a reasonable doubt that:**

1. (Defendant) **had a county of residence within Florida; and**

2. (Defendant) **travelled any distance with the intent to commit a burglary in a county in Florida other than [his] [her] county of residence; and**

3. **The purpose of** (defendant's) **travel was to thwart law enforcement attempts to track items stolen in the burglary.**

**"County of residence" means the county within this state in which a person resides.**

**Evidence of a person's county of residence includes, but is not limited to:**

1. **The address on a person's driver license or state identification card;**

2. **Records of real property or mobile home ownership;**

3. **Records of a lease agreement for residential property;**

4. **The county in which a person's motor vehicle is registered;**

13

5.    **The county in which a person is enrolled in an educational institution;**

6.    **The county in which a person is employed.**

*Dwelling or structure with use of motor vehicle or damage.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary,** (defendant) **entered a [dwelling] [structure] and**

1.    **used a motor vehicle as an instrumentality, other than merely as a getaway vehicle, to assist in committing the offense, and thereby damaged the [dwelling] [structure].**

**or**

2.    **caused damage to the [dwelling] [structure] [property within the [dwelling] [structure]], in excess of $1,000.**

*Authorized emergency vehicle.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether the conveyance [entered] [remained in] was an authorized emergency vehicle.**

*Definition. See § 316.003(1), Fla. Stat.*
**An "authorized emergency vehicle" is a vehicle of the fire department (fire patrol), police vehicles, and such ambulances and emergency vehicles of municipal departments, public service corporations operated by private corporations, the Department of Environmental Protection, the Department of Health, the Department of Transportation, and the Department of Corrections as are designated or authorized by their respective department or the chief of police of an incorporated city or any sheriff of a county.**

*State of emergency.*
*The definitions of structure, dwelling, and conveyance are different for counties where a state of emergency has been declared under chapter 252. See § 810.011(1), (2), and (3), Fla. Stat.*

**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether**

1.  **the burglary was committed within a county that was subject to a state of emergency that had been declared by the governor under chapter 252, the "State Emergency Management Act,"**

**and**

2.  **the perpetration of the burglary was facilitated by conditions arising from the emergency.**

*Definition.*
**The term "conditions arising from the emergency" means civil unrest, power outages, curfews, voluntary or mandatory evacuations, or a reduction in the presence of or response time for first responders or homeland security personnel.**

*§ 810.011(4), Fla. Stat.*
**An act is committed "in the course of committing" if it occurs in the attempt to commit the offense or in flight after the attempt or commission.**

**Lesser Included Offenses**

| BURGLARY WITH ASSAULT OR BATTERY OR WHILE ARMED OR WITH USE OF MOTOR VEHICLE OR PROPERTY DAMAGE — 810.02(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Burglary | | 810.02(4) | 13.1 |
| | Aggravated battery | 784.045 | 8.4 |
| | Persons Engaged in Criminal Offense Having Firearm | 790.07(2) | 10.3 |
| | Battery | 784.03 | 8.3 |
| | Aggravated assault | 784.021 | 8.2 |

| | | | |
|---|---|---|---|
| | Persons Engaged in Criminal Offense Having Weapon | 790.07(1) | 10.3 |
| | Assault | 784.011 | 8.1 |
| | Attempt | 777.04(1) | 5.1 |
| | Burglary | 810.02(3) | 13.1 |
| | Trespass | 810.08(2)(a) | 13.3 |
| | Trespass | 810.08(2)(b) | 13.3 |
| | Trespass | 810.08(2)(c) | 13.3 |
| | Criminal Mischief | 806.13 | 12.4 |
| It is probably best for the jury to make special findings regarding enhancements instead of listing all of the necessary lesser-included offenses of the highest form of Burglary charged. See*See* Justice Pariente's concurring opinion in *Sanders v. State*, 944 So. 2d 203 (Fla. 2006) (Pariente, J., concurring). | | | |

| BURGLARY OF DWELLING; BURGLARY OF STRUCTURE OR CONVEYANCE WITH HUMAN BEING INSIDE; BURGLARY OF AN AUTHORIZED EMERGENCY VEHICLE* — 810.02(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Burglary | | 810.02(4) | 13.1 |
| | Attempt | 777.04(1) | 5.1 |
| | Trespass | 810.08(2)(a) | 13.3 |
| | Trespass | 810.08(2)(b) | 13.3 |
| | Trespass | 810.08(2)(c) | 13.3 |
| It is probably best for the jury to make special findings regarding enhancements instead of listing all of the necessary lesser-included offenses of the highest form of Burglary charged. See~~See~~ ~~Justice Pariente's concurring opinion in~~ *Sanders v. State*, 944 So. 2d 203 (Fla. 2006) (Pariente, J., concurring). | | | |

| BURGLARY — 810.02(4) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Trespass | 810.08(2)(a) | 13.3 |
| | Trespass | 810.08(2)(b) | 13.3 |
| | Trespass | 810.08(2)(c) | 13.3 |
| | Criminal Mischief | 806.13 | 12.4 |
| It is probably best for the jury to make special findings regarding enhancements instead of listing all of the necessary lesser-included offenses of the highest form of Burglary charged. See~~See~~ ~~Justice Pariente's concurring opinion in~~ *Sanders v. State*, 944 So. 2d 203 (Fla. 2006) (Pariente, J., concurring). | | | |

**Comments**

As of June 2018, the courts had not determined which definition of "motor vehicle" applies to the burglary statute.

When the compounded offense of burglary with an assault or burglary with a battery is charged, the jury can convict on two lesser-included offenses. ~~See~~*See Gian-Grasso v. State*, 899 So. 2d 392 (Fla. 4th DCA 2005).

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 1997 [697 So. 2d 84], 2003 [850 So. 2d 1272], 2007 [962 So. 2d 310], 2008 [986 So. 2d 563], 2013 [109 So. 3d 721], 2015 [176 So. 3d 938], ~~and~~ 2017 [217 So. 3d 965], and 2018.

## 13.3  TRESPASS—IN STRUCTURE OR CONVEYANCE
§ 810.08, Fla. Stat.

**To prove the crime of Trespass in a [Structure] [Conveyance], the State must prove the following three elements beyond a reasonable doubt:**

*Give a. for trespass and/or b. for trespass after warning to depart.*

a.  1.  (Defendant) **willfully entered or remained in a [structure] [conveyance].**

   2.  **The [structure] [conveyance] was in the lawful possession of** (person alleged)**.**

   3.  (Defendant's) **entering or remaining in the [structure] [conveyance] was without authorization, license, or invitation by** (person alleged) **or any other person authorized to give that permission.**

b.  1.  (Defendant) **had been authorized, licensed, or invited to enter or remain in a [structure] [conveyance].**

   2.  **[The owner] [The lessee] [A person authorized by the owner or lessee] of the premises warned** (defendant) **to depart.**

18

**3.** (Defendant) **refused to depart.**

**Authority to enter or remain in a [structure] [conveyance] need not be given in express words. It may be implied from the circumstances. It is lawful to enter or remain in a [structure] [conveyance] of another if, under all the circumstances, a reasonable person would believe that [he] [she] had the permission of the owner or occupant.**

*Definitions. Give as applicable.*
*§ 810.08(3), Fla. Stat.*
**"Person authorized" means an owner or lessee, or his or her agent, or any law enforcement officer whose department has received written authorization from the owner or lessee, or his or her agent, to communicate an order to depart the property in case of a threat to public safety or welfare.**

*Rozier v. State, 402 So. 2d 539 (Fla. 5th DCA 1981).*
**"Willfully" means intentionally, knowingly, and purposely.**

*§ 810.011(1), Fla. Stat.; ~~and~~ State v. Hamilton, 660 So. 2d 1038 (Fla. 1995); Dubose v. State, 210 So. 3d 641 (Fla. 2017).*
**"Structure" means any building of any kind, either temporary or permanent, that has a roof over it, and the enclosed space of ground and outbuildings immediately surrounding that structure. [The enclosure need not be continuous as it may have an ungated opening for entering and exiting.]**

*§ 810.011(3), Fla. Stat.*
**"Conveyance" means any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car; and to enter a conveyance includes taking apart any portion of the conveyance.**

*While armed.*
**If you find the defendant guilty of trespass in a [structure] [conveyance], you must then determine whether the State proved beyond a reasonable doubt that the defendant was armed or armed [himself] [herself] with a firearm or other dangerous weapon during the trespass.**

*Human being in structure or conveyance.*
**If you find the defendant guilty of [attempted] trespass in a [structure] [conveyance], you must then determine whether the State proved beyond a**

**reasonable doubt that there was a human being in the [structure] [conveyance] at the time of the [attempted] trespass.**

*§ 790.001(6), Fla. Stat. Give if applicable.*
**A "firearm" is any weapon, including a starter gun, which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a crime.]** *See § 790.001(1) Fla. Stat. for the definition of "antique firearm" and § 790.001(4) Fla. Stat. for the definition of "destructive device."*

**A "dangerous weapon" is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.**

*Wheeler v. State, 203 So. 3d 1007 (Fla. 4th DCA 2016).*
**"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.**

**Lesser Included Offenses**

| TRESPASS IN STRUCTURE OR CONVEYANCE — 810.08 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt (except refuse to depart) | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], and 2012 [87 So. 3d 679], and 2018.

## 13.4 TRESPASS—ON PROPERTY OTHER THAN A STRUCTURE OR CONVEYANCE
§ 810.09(1)(a)1 and 2, Fla. Stat.

To prove the crime of Trespass on Property other than a Structure or Conveyance, the State must prove the following four elements beyond a reasonable doubt:

1.  (Defendant) **willfully entered upon or remained in property other than a structure or conveyance.**

2.  **The property was [owned by] [in the lawful possession of]** (person alleged)**.**

3.  *Give one of the following paragraphs, as applicable.*

    *Give if § 810.09(1)(a)1, Fla. Stat. is charged.*
    **Notice not to enter upon or remain in that property had been given by [[actual communication to the defendant] [[posting] [fencing] [cultivation] of the property in the manner defined in this instruction]].**

    *Give if § 810.09(1)(a)2, Fla. Stat. is charged.*
    **The property was the unenclosed curtilage of a dwelling and** (defendant) **entered or remained with the intent to commit a crime thereon other than trespass.**

4.  (Defendant's) **entering upon or remaining in the property was without authorization, license, or invitation from** (person alleged) **or any other person authorized to give that permission.**

Authority to enter upon or remain in property need not be given in express words. It may be implied from the circumstances. It is lawful to enter upon or remain in the property of another if, under all the circumstances, a reasonable person would believe that [he] [she] had the permission of the owner or occupant.

*Definitions.*
*§810.011(1), Fla. Stat.; ~~and~~ State v. Hamilton, 660 So. 2d 1038 (Fla. 1995); and DuBose v. State, 210 So. 3d 641 (Fla. 2017).*

**"Structure"** means a building of any kind, either temporary or permanent, which has a roof over it, and the enclosed space of ground and outbuildings immediately surrounding it. **[The enclosure need not be continuous as it may have an ungated opening for entering and exiting.]**

*§ 810.011(3), Fla. Stat.*
**"Conveyance"** means any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car; and **"to enter a conveyance"** includes taking apart any portion of the conveyance.

*§ 810.09(3), Fla. Stat.*
**"Person authorized"** means any owner, his or her agent, or a community association authorized as an agent for the owner, or any law enforcement officer whose department has received written authorization from the owner, his or her agent, or a community association authorized as an agent for the owner, to communicate an order to leave the property in the case of a threat to public safety or welfare.

*§ 810.09(1)(b), Fla. Stat.*
**"Unenclosed curtilage of a dwelling"** means the unenclosed land or grounds, and any outbuildings, that are directly and intimately adjacent to and connected with the dwelling and necessary, convenient, and habitually used in connection with that dwelling.

*§ 810.011(2), Fla. Stat. Dubose v. State, 210 So. 3d 641 (Fla. 2017).*
**"Dwelling"** means a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, **and the enclosed space of ground and outbuildings immediately surrounding that dwelling. [The enclosure need not be continuous as it may have an ungated opening for entering and exiting.]**

*Rozier v. State, 402 So. 2d 539 (Fla. 5th DCA 1981).*
**Willfully"** means intentionally, knowingly, and purposely.

*§ 810.011(5)(a)1. and (b), Fla. Stat. Give if applicable.*
**Notice not to enter upon property may be given by posting signs not more than 500 feet apart along and at each corner of the property's boundaries. The signs must prominently state, in letters not less than two**

22

inches high, the words "No Trespassing" The signs also must state, with smaller letters being acceptable, the name of the owner or lessee or occupant of the land. The signs must be placed so as to be clearly noticeable from outside the boundary lines and corners of the property. [If the property is less than five acres in area, and a dwelling house is located on it, it should be treated as posted land even though no signs have been erected.]

*§ 810.011(6), Fla. Stat. Give if applicable.*
Notice not to enter property may be given by cultivation of the property. "Cultivated land" is land that has been cleared of its natural vegetation, and at the time of the trespass was planted with trees, a crop, an orchard or a grove, or was a pasture. [Fallow land, left that way as part of a crop rotation, is also "cultivated land."]

*§ 810.011(7), Fla. Stat. Give if applicable.*
Notice not to enter property may be given by fencing the property. "Fenced land" is land that has been enclosed by a fence of substantial construction. The fence may be made from rails, logs, posts and railings, iron, steel, barbed wire or other wire or material. The fence must stand at least three feet high. [If a part of the boundary of a piece of property is formed by water, that part should be treated as legally fenced land.]

*Give if applicable.*
When every part of property is either posted or cultivated or fenced, the entire property is considered as enclosed and posted land.

*Enhanced penalty. Give if applicable.*
If you find the defendant guilty of trespass on property other than a structure or conveyance, you must then determine whether the State proved beyond a reasonable doubt that the defendant was armed with a firearm or other dangerous weapon during the trespass.

*§ 790.001(6), Fla. Stat. Give if applicable.*
A "firearm" is any weapon [including a starter gun] which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a crime.] *See § 790.001(1), Fla. Stat. for the definition*

*of "antique firearm" and § 790.001(4), Fla. Stat. for the definition of "destructive device."*

**A "dangerous weapon" is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.**

*Wheeler v. State, 203 So. 3d 1007 (Fla. 4th DCA 2016).*
**"Great bodily harm" means great as distinguished from slight, trivial, minor, or moderate harm, and as such does not include mere bruises.**

**Lesser Included Offenses**

| TRESPASS ON PROPERTY OTHER THAN STRUCTURE OR CONVEYANCE — 810.09(1)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 1981 and amended in 1985, 2012 [87 So. 3d 679], and 2018.

**13.21 IMPAIRING OR IMPEDING TELEPHONE OR POWER TO A DWELLING TO FACILITATE OR FURTHER A BURGLARY**
§ 810.061, Fla. Stat.

**To prove the crime of Impairing or Impeding Telephone or Power to a Dwelling to Facilitate or Further a Burglary, the State must prove the following two elements beyond a reasonable doubt:**

*Give as applicable.*
**1.** (Defendant)
    **a. damaged a [wire] [line] that transmitted [telephone service] [power] to a dwelling.**

      **b.**     **impaired equipment necessary for [telephone] [power] transmission to a dwelling.**

      **c.**     **[impaired] [impeded] [telephone] [power] transmission to a dwelling.**

**2.**     (Defendant) **did so for the purpose of facilitating or furthering the [commission] [attempted commission] of a burglary of that dwelling.**

*To define a burglary, see ~~the elements of burglary in~~ instruction 13.1.*
*<u>To define an attempt, see instruction 5.1.</u>*

*Definitions.*
*§ 810.011(2), Fla. Stat.<u> Dubose v. State, 210 So. 3d 641 (Fla. 2017).</u>*
**"Dwelling" means a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it. <u>[The enclosure need not be continuous as it may have an ungated opening for entering and exiting.] For purposes of this crime, a "dwelling" includes an attached garage.</u>**

*§ 810.011(3), Fla. Stat.  Give if applicable.*
**"Conveyance" means any motor vehicle, ship, vessel, railroad<u> vehicle or</u> car, trailer, aircraft, or sleeping car; and "to enter a conveyance" includes taking apart any portion of the conveyance.**

**"Impaired" means to be diminished, damaged, or weakened.**

**"Impeded" means to slow something down or prevent an activity from making progress at its previous rate.**

**"Facilitate" means to help or assist, or to make something possible or easier.**

~~**An "attempt" to commit a crime is the formation of an intent to commit that crime and the doing of some act toward the commission of the crime other than mere preparation to commit the crime.**~~

**Comment**

This instruction was adopted in 2007 [953 So. 2d 495] and amended in 2018.