# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-6
_____

DON W. REINARD,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

April 16, 2019

PER CURIAM.

Months before Don Reinard's probation was set to expire, the state alleged that he violated it by committing a new law offense of aggravated child abuse. The trial court found that the state proved the offense, revoked Reinard's probation, and sentenced him to prison on the original conviction. Reinard argues on appeal that a finding of aggravated child abuse is unsupported where there is no evidence that the child suffered any physical injury. We disagree and affirm.[*]

_____

[*] We affirm as to Reinard's other two arguments without further comment.

Reinard was in a romantic relationship with the mother of a three-year old boy (the victim) who was being toilet-trained. Reinard, as punishment for the victim defecating in his pants, made him eat his own feces. The older children reported this incident to the mother, who confirmed it with the victim (who stated, "he made me eat poop, Mommy") and confronted Reinard, who admitted doing so. The mother failed to intervene and, later that day, allowed Reinard to change the victim after he again soiled his pants. The mother walked into the bathroom after hearing her son crying and saw him covered with feces on his face, arms, and chest; she then witnessed Reinard pick up feces, move it to the victim's face, and tell him to take a bite. After the victim was removed from the care of Reinard and the mother (who failed to report his actions), he was placed with his grandfather, who testified that the victim was withdrawn, afraid of men, and scared to go to the bathroom. The child also once asked his grandfather, who was about to change his diaper, not to hurt him and stated that he did not like eating feces.

Reinard argues that this evidence does not support a finding of aggravated child abuse because there was no evidence of "great bodily harm, permanent disability, or permanent disfigurement." While this finding is necessary under section 827.03(1)(a)3., Florida Statutes, aggravated child abuse may also be committed by one who "[w]illfully tortures, maliciously punishes, or willfully and unlawfully cages a child" under section 827.03(1)(a)2. The statute provides the following definition:

> "Maliciously" means wrongfully, intentionally, and without legal justification or excuse. Maliciousness may be established by circumstances from which one could conclude that a reasonable parent would not have engaged in the damaging acts toward the child for any valid reason and that the primary purpose of the acts was to cause the victim unjustifiable pain or injury.

§ 827.03(1)(c), Fla. Stat. Like the trial court, we have no difficulty finding that Reinard's punishment—repeatedly making a three-year-old child eat his own feces—was malicious.

Reinard asserts that *Wheeler v. State*, 203 So. 3d 1007 (Fla. 4th DCA 2016), requires great bodily harm, permanent,

2

disabilities, or permanent disfigurements to support a finding of malicious punishment. In *Wheeler*, where an eighteen-year-old was charged with aggravated child abuse after engaging in a fistfight with a sixteen-year-old victim, the Fourth District noted that some form of "relationship where the actor stands in *loco parentis* to a child" is required. *Id.* at 1008-09. The court further found that aggravated child abuse "committed through malicious punishment 'is reserved for cases involving parental discipline that results in great bodily harm or permanent disabilities and disfigurements or that demonstrates actual malice on the part of the parent and not merely a momentary anger or frustration.'" *Id.* at 1009 (quoting *Cox v. State*, 1 So. 3d 1220, 1223 (Fla. 2d DCA 2009)). Contrary to Reinard's argument, "parental discipline that . . . demonstrates actual malice" is sufficient to support aggravated child abuse. *Id.*

We reject Reinard's argument that aggravated child abuse by malicious punishment necessitates a finding of physical injury. Therefore, we AFFIRM the trial court's order revoking probation and imposing a sentence on Reinard's original conviction.

WOLF, WINOKUR, and JAY, JJ., concur.

––––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––––

Andy Thomas, Public Defender, Steven L. Seliger, Assistant Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant, and Don W. Reinard, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.